UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD JONES, No. 276531,

        Plaintiff,

v.

HEIDI WASHINGTON, *et al.*,

        Defendants.
_____/

Case Number: 4:21-CV-11148
Stephanie Dawkins Davis
U.S. District Judge

## **OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

This is a *pro se* prisoner civil rights case. Plaintiff Ronald Jones is incarcerated at the Macomb Correctional Facility in New Haven, Michigan. He names seven employees of the Michigan Department of Corrections as defendants. They are named in their individual and official capacities. Plaintiff claims that defendants acted with deliberate indifference to his health and safety by forcing him to carry a Covid-19 positive prisoner up a flight of stairs without providing him with any personal protective equipment. He also claims that Defendant Tarrance retaliated against him for filing grievances related to this incident.[1]

---

[1] Plaintiff raises this retaliation claim against Defendant Tarrance in a proposed amended complaint attached to a motion for leave to amend. (ECF No. 6). While an amended complaint normally "supersedes an earlier" complaint "for all purposes," *Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) (quotation omitted), the Court holds a *pro se* pleading to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Here, it is clear that Plaintiff intends the amended complaint to supplement rather than supersede the original complaint and the two pleadings will be considered together.

Plaintiff later tested positive for Covid-19.

Plaintiff fails to state a claim against defendants Washington, Chapman, Wisner, and Donahue and they will be dismissed. The Court will also dismiss Plaintiff's claims against defendants in their official capacities based upon Eleventh Amendment immunity.

I.   **STANDARD**

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff has been granted leave to proceed without prepayment of the filing fee in this action based on his indigence. Under the Prison Litigation Reform Act

of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

**II.     COMPLAINT**

Plaintiff names seven Defendants: (1) Heidi Washington, Director of the Michigan Department of Corrections, (2) Willis Chapman, Warden of the Macomb Correctional Facility, (3) Sergeant First Name Unknown ("FNU") Purdom, (4) Corrections Officer FNU Tarrance, (5) Corrections Officer FNU Wisner, (6) Medical Provider FNU Rivard, and (7) Medical Provider FNU Donahue.

Plaintiff maintains that, on July 31, 2020, Defendants violated his Eighth Amendment rights by forcing him to assist an inmate, Daniel Perry-El, who

suffered a medical emergency that ultimately led to Perry-El's death. Plaintiff asserts that all the "named Defendants refused to enter inmate Perry-El['s] cell to handle an emergency condition. … This is where the actions of forced by [sic] Plaintiff helped inmate to put on his shoes and carried him out of the cell down the hall, up the stairs in order for medical providers to render aid to inmate Perry-El." (ECF No. 1, PageID.3). Plaintiff asked staff for personal protective equipment (PPE) but Defendants Purdom and Rivard stated "just get him out of the room, we don't have no face shields or gloves." (*Id.* at 3-4). This, Plaintiff asserts, was contrary to guidelines established by the Center for Disease Control for preventing the spread of Covid-19. Plaintiff has since tested positive for the coronavirus and has not received any treatment. (*Id.* at 6).

Plaintiff also raises a claim of retaliation against Defendant Tarrance. He asserts that Tarrance filed a false misconduct charge in retaliation for Plaintiff's filing of grievances. (ECF No. 6, PageID.34).

### III. DISCUSSION

Plaintiff fails to allege facts showing that Defendants Washington or Chapman were present for or actively engaged in this incident. Liability under § 1983 may not be imputed to supervisory personnel solely on the basis of a subordinate's unconstitutional conduct under a theory of respondeat superior.

*Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691-95 (1978). Instead, a supervisor's liability must be based on active unconstitutional behavior not merely on a supervisor's right to control employees. *Griffith v. Franklin Cty., Kentucky*, 975 F.3d 554, 579 (6th Cir. 2020). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff fails to allege that Defendants Washington or Chapman encouraged misconduct or directly participated in it. Accordingly, he fails to state a claim against them.

With respect to Defendants Wisner and Donahue, Plaintiff fails to allege facts sufficient to state a claim under the Eighth Amendment's "cruel and unusual punishments" provision. A prison official violates the Eighth Amendment when the official acts with deliberate indifference to an inmate's health and safety. *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981). To show an Eighth Amendment violation, a plaintiff must satisfy a two-prong test that consists of an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the objective prong, the Court asks whether a prisoner is "incarcerated under conditions posing a substantial risk of serious harm." *Id.* Here the objective component of a deliberate indifference claim has been met. *Wilson v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020) (finding health risks posed by Covid-

19 satisfy the objective element of an Eighth Amendment claim).

The subjective component requires an inmate to "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 837). Plaintiff alleges that Defendants Donahue and Wisner refused to touch Perry-El and simply watched without rendering assistance. (ECF No. 1, PageID.19). He does not specifically allege that either Defendant ordered him to provide assistance to Perry-El without the benefit of PPE. He, therefore, does not sufficiently allege that they acted with the requisite indifference to the substantial harm posed by Covid-19 exposure to satisfy the subjective component.

Finally, Plaintiff's claims against the Defendants in their official capacities will be dismissed. A suit against a state or one of its agencies or departments is barred by the Eleventh Amendment unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The state of Michigan ... has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and Congress did not

abrogate state sovereign immunity when it passed § 1983. *Ladd v. Marchbanks*, 971 F.3d 574, 578 (6th Cir. 2020) (citing *Quern v. Jordan*, 440 U.S. 332, 342 (1979). Because a claim against state employees in their official capacities is treated as a claim against the state itself, Eleventh Amendment immunity applies. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010). Thus, Plaintiff's claims for monetary damages against the Defendants in their official capacities must be dismissed.

## IV. ORDER

Accordingly, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), the Court will dismiss Defendants Washington, Chapman, Wisner, and Donahue. The Court will also dismiss Plaintiff's claims against Defendants in their official capacities based upon Eleventh Amendment immunity. Plaintiff's remaining claims survive the Court's initial screening.

**SO ORDERED**.

s/Stephanie Dawkins Davis<br>
Stephanie Dawkins Davis<br>
United States District Judge

Dated: October 26, 2021