UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD JONES,

    Plaintiff,

v.

                                    Case No. 21-cv-11148
                                    Hon. Matthew F. Leitman

HEIDI WASHINGTON, *et al.*,

    Defendants.

_____/

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION (ECF No. 46); (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF No. 42); (3) GRANTING DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT (ECF No. 25); AND (4) DISMISSING CLAIMS AGAINST DEFENDANT RIVARD SUA SPONTE**

This is a prisoner civil rights action brought by Plaintiff Ronald Jones under 42 U.S.C. §1983. The following claims remain in the action: Jones' claim that two employees of the Michigan Department of Corrections ("MDOC"), Kalil Tarrance and John Purdom, violated his rights under the Eighth Amendment, his claim that Defendant Tarrance violated his rights under the First Amendment, and his claim that one representative of Corizon Health, Inc., Rivard (first name unknown), violated his rights under the Eighth Amendment. In the remaining claims, Jones alleges that he was "forced" to assist another inmate who had contracted Covid-19,

1

that he then contracted Covid-19, and that he was retaliated against for filing grievances.

On October 6, 2022, Defendants Purdom and Tarrance filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (*See* Mot., ECF No. 25.) In that motion, they move for (1) summary judgment on the Eighth amendment claim against Defendant Tarrance on the ground that Jones has failed to exhaust his administrative remedies with respect to that claim, and (2) dismissal of all remaining claims against Tarrance and Purdom for failure to state a claim and under qualified immunity. (*See id.*)

On April 19, 2023, Magistrate Judge David Grand issued a Report and Recommendation (the "R&R"), in which he recommended that the motion be granted. (*See* R&R, ECF No. 42.) Magistrate Judge Grand further recommended that Jones' Eighth Amendment claim against Rivard should also be dismissed *sua sponte* for failure to state a claim pursuant to 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. § 1915(e)(2)(B). (*See id.*, PageID.428.)

Jones filed Objections to the R&R on May 1, 2023. (*See* Obj. ECF No. 46.[1]) Tarrance and Purdom responded to Jones' Objections on May 24, 2023. (*See* Resp.,

---

[1] The Objections were entered on the Court's docket on May 16, 2023, but Jones says that he signed, dated, and placed the Objections in the prison mail system on May 1, 2023. (*See* Objections, ECF No. 46, PageID.469.)

2

ECF No. 48.) For the reasons explained below, Jones' Objections are **OVERRULED**.

I

When a party objects to portions of a Magistrate Judge's report and recommendation, the Court reviews those portions *de novo. See* Fed.R.Civ.P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which the parties did not object. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004). Moreover, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Zimmerman v. Cason*, 354 Fed. Appx. 228, 230 (6th Cir. 2009).

II

In the R&R, Magistrate Judge David Grand made the following recommendations:

3

- That the Court should grant summary judgment in favor of Defendant Tarrance on Jones' Eighth Amendment claim against him because Jones failed to exhaust his administrative remedies with respect to that claim;

- That the Court should dismiss Jones' Eighth Amendment claim against Defendant Purdom because Purdom did not personally "force" Jones to assist Perry in any way;

- That the Court should dismiss Jones' First Amendment claim against Defendant Tarrance because Tarrance is entitled to qualified immunity on that claim; and

- That the Court should dismiss Jones' Eighth Amendment claim against Defendant Rivard *sua sponte* under 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. § 1915 (e)(2)(B). This recommendation was based on Magistrate Judge Grand's conclusion that Jones "failed to allege any 'active unconstitutional behavior' by Rivard."

(*See* R&R, ECF No. 42, PageID.420-428.)

Jones has filed objections to the R&R, but those objections do not identify any error in Magistrate Judge Grand's reasoning or seriously challenge his conclusions in any way. Rather, Jones' objections primarily recite "boilerplate" case law on a number of relevant topics without explaining how the case law undermines

4

Magistrate Judge Grand's conclusions. Throughout his objections, Jones also asserts, without supporting analysis, that he has stated a plausible claim for relief.

The first part of Jones' Objections is titled, "Persuasive Authority Constitutional Violation Constitutional Right *Ullery v. Bradley*, 949 F.3d 1282." (*See* Obj, ECF No. 46, PageID.442.) In this section, Jones asserts, without citing any support, that his Complaint adequately alleges that the named Defendants violated his Eighth Amendment rights by causing him to contract Covid-19. (*See id.*) But Jones ignores the analysis in the R&R as to why Jones' allegations do not plausibly establish a constitutional violation. The objection does not identify any error in the R&R. It is insufficient because it "does nothing more than state a disagreement with a magistrate's suggested resolution." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004).

The second part of Jones' Objections is titled, "Qualified Immunity." This section is comprised of two sentences in which Jones merely asserts that the Defendants' conduct "violated clearly established statutory or constitutional rights of which a reasonable person would have known." (Obj., ECF No. 46, PageID.443.) This objection likewise fails because it does nothing more than state a disagreement with the Magistrate Judge's recommendation.

Third, in a section titled "Qualified Immunity (No)," Jones cites case law generally setting forth the law of qualified immunity, and he suggests that it was

5

clearly established that Defendants' conduct violated his Eighth Amendment rights when they caused him to contract Covid-19. (*See* Obj., ECF No. 46, PageID.443-444.) But this section does not identify any error in Magistrate Judge Grand's reasoning. More specifically, Jones does not address – or show any error in – Magistrate Judge Grand's conclusion that Jones failed to allege that the Defendants actually *caused* him to contract Covid-19.

Fourth, in a section titled "Unpublished Decisions," Jones cites a case for the proposition that unpublished decisions cannot clearly establish constitutional rights. (*See* Obj., ECF No. 46, PageID.445.) But Magistrate Judge Grand's analysis did not rest on unpublished decisions, and Jones does not explain how the cited case undermines the conclusions in the R&R in any way.

Fifth, in a section titled, "First Amendment Retaliation," Jones recites case law governing First Amendment retaliation claims, but he does not explain how the case law undermines Magistrate Judge Grand's conclusions. (*See id.*, PageID.446.)

Sixth, in a section titled, "Complaint/Exhaustion Rule," Jones recites case law regarding the exhaustion requirements under the PLRA. (*See id.*) Once again, however, Jones does not explain how this case law undermines the conclusions that Magistrate Judge Grand reached in the R&R.

In the seventh section of Jones' Objections, titled "Background," Jones offers factual background on the Covid-19 virus and the measures that prison facilities have

6

taken to control the spread of the virus. (*See id.*, PageID.448.) His analysis in this section does not identify any errors in the R&R.

Finally, in a section titled "Lopp Case," Jones reminds the Court that it must take the facts in the light most favorable to the non-moving party at the summary judgment stage. (*See id.*, PageID.449.) But he does not demonstrate that Magistrate Judge Grand failed to take the facts in the light most favorable to him, or otherwise demonstrate any error in the R&R.

### III

On May 18, 2023, Jones filed an additional document that he titled "Plaintiff's Response to the Court's Report and Recommendation." (*See* Resp., ECF No. 47.[2]) The document appears to be an untimely effort by Jones to supplement his Objections. The Court declines to consider this additional document because it is untimely, because Jones was able to file a timely set of Objections, and because Defendants have already expended time and effort responding to Jones' original Objections. But even if the Court were inclined to treat this additional document as supplemental Objections, the Court would overrule them. This document, much like Jones' original Objections, consists primarily of general statements of law, and Jones does not show any error by Magistrate Judge Grand in this document.

---

[2] The Response was entered on the Court's docket on May 24, 2023, but Jones says that he signed, dated, and placed the response in the prison mail system on May 1, 2023. (*See* Response, ECF No. 47, PageID.484.)

7

## IV

Because Jones has not identified any errors in the R&R, the Court **OVERRULES** Jones' Objections (ECF No. 46) and **ADOPTS** the recommended disposition of the R&R (ECF No. 42).  The Motion to Dismiss or in the Alternative, Motion for Summary Judgment (ECF No. 25) filed by Defendants Purdom and Tarrance is **GRANTED.**  Jones' claims against Tarrance and Purdom are **DISMISSED.**  Finally, the Court will **DISMISS** Jones' Eighth Amendment claim against Defendant Rivard *sua sponte* pursuant to 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED.**

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated:  May 30, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 30, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan<br>
Case Manager<br>
(313) 234-5126